UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM MAXIE, JR.,

        Petitioner,

                                            CASE NO. 16-10351
v.                                       HONORABLE VICTORIA A. ROBERTS

SHERRY L. BURT,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**
(ECF No. 5)

        Petitioner William Maxie, Jr., filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254 and a motion for appointment of counsel. The habeas petition challenges Petitioner's convictions for first-degree home invasion, Mich. Comp. Laws § 750.110a(2), and possession of burglar tools, Mich. Comp. Laws § 750.116. The trial court sentenced Petitioner as a habitual offender to 150 months (twelve and a half years) to thirty years in prison for the home invasion and to a concurrent sentence of ten to twenty years in prison for possessing burglary tools.

        Petitioner appealed his convictions on three grounds: (1) insufficient evidence at trial, (2) ineffective assistance of trial counsel, and (3) prosecutorial misconduct. The Michigan Court of Appeals affirmed Petitioner's convictions, *see People v. Maxie*, No. 314607 (Mich. Ct. App. July 22, 2014) (unpublished), and on February 3, 2015, the Michigan Supreme Court denied leave to appeal. *See People v. Maxie*, 497 Mich. 955; 858 N.W.2d 439 (2015).

Petitioner alleges that he filed a motion for relief from judgment in which he alleged that his trial and appellate attorneys were ineffective. The trial court denied his motion, and on appeal from the trial court's decision, Petitioner raised only a claim about appellate counsel. As of February 1, 2016, when Petitioner filed his habeas petition, his application for leave to appeal the trial court's decision was pending in the Michigan Court of Appeals. *See* Pet. for Writ of Habeas Corpus, ECF No. 1, page 5.

Petitioner alleges as grounds for relief in his habeas petition that: (1) there was insufficient credible evidence at trial to prove that he committed the crimes; (2) trial counsel was ineffective for failing to (a) consult with Petitioner before trial, (b) conduct an independent investigation, (c) interview and call witnesses, (d) impeach witnesses with their prior inconsistent statements, and (e) object to prejudicial trial statements and situations; and (3) the prosecutor engaged in misconduct by (a) using an edited version of the 911 recording rather than the one he provided to defense counsel, (b) misrepresenting the facts in evidence, (c) arguing facts not in evidence, (d) asserting a personal belief in the facts, and (e) shifting the burden of proof. *See* Pet. for Writ of Habeas Corpus, ECF No. 1, pages 6-9. In his motion for appointment of counsel, Petitioner alleges that he cannot afford to retain an attorney, his knowledge of the law is limited, the Michigan Department of Corrections restricts his ability to perform legal research, and the ends of justice would be served by appointing counsel.

The United States Court of Appeals for the Sixth Circuit stated in *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993), that:

> "Appointment of counsel in a civil case is not a constitutional right. *Mekdeci v. Merrell National Laboratories*, 1711 F.2d 1510, 1522 n. 19 (11th Cir. 1983). It is a privilege that is justified only by exceptional

> circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987); see also *Poindexter v. FBI*, 737 F.2d 1173, 1185 (D.C. Cir. 1984). This generally involves a determination of the "complexity of the factual and legal issues involved." *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986).

*Id*. at 605-06.

No exceptional circumstances justify appointment of counsel in this case, as the issues and facts are not complex, and Petitioner has ably represented himself thus far. The Court therefore denies Petitioner's motion for appointment of counsel (ECF No. 5).

                                                S/Victoria A. Roberts
                                                VICTORIA A. ROBERTS
Dated: 5/10/2016                    UNITED STATES DISTRICT JUDGE