UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM MAXIE, JR.,

    Petitioner,

v.                                   CASE NO. 16-10351
                                      HONORABLE VICTORIA A. ROBERTS

SHERRY L. BURT,

    Respondent.
_____/

**<u>ORDER DENYING AS MOOT PETITIONER'S
MOTION FOR AN EXTENSION OF TIME [15],
DENYING PETITIONER'S MOTION TO CONDUCT DISCOVERY [16],
GRANTING PETITIONER'S MOTION
TO SUPPLEMENT HIS AMENDED BRIEF [18], AND
ORDERING RESPONDENT TO FILE THE TRANSCRIPT OF TRIAL</u>**

      This is a *pro se* habeas corpus case under 28 U.S.C. § 2254. Petitioner William Maxie, Jr., challenges his Saginaw County convictions for first-degree home invasion, *see* Mich. Comp. Laws § 750.110a(2), and possession of burglar tools, *see* Mich. Comp. Laws § 750.116. Petitioner argues in his habeas petition and in his amended memorandum filed on September 6, 2016, that (1) there was insufficient credible evidence at trial to support his convictions, (2) he was deprived of effective assistance of trial counsel and the trial court made improper evidentiary rulings, and (3) the prosecutor committed misconduct. Respondent Sherry L. Burt urges the Court to deny the habeas petition on grounds that Petitioner procedurally defaulted his third claim and that the state appellate court's decision was not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. Currently before the Court are Petitioner's motions for an extension of time, for

permission to conduct discovery, and for permission to supplement his amended brief in support of the habeas petition.

### I. The Motion for Extension of Time

Petitioner seeks an extension of time to file a reply to Respondent's answer to the petition. Respondent filed her answer to the habeas petition on September 9, 2016, and on September 16, 2016, she filed a supplemental answer. Pursuant to the Court's order for responsive pleading, *see* ECF No. 6, Petitioner's reply was due forty-five days later on October 31, 2016. Petitioner filed a timely reply on October 31, 2016. The Court therefore denies as moot Petitioner's motion for an extension of time to file a reply to Respondent's answer to the habeas petition (ECF No. 15).

### II. The Motion for Discovery

Petitioner seeks permission to engage in discovery to show that the building he entered was not a dwelling, that the complaining witness was not lawfully present in the building, and that the prosecutor was aware of these facts. Petitioner also wants to conduct discovery to show that trial counsel was ineffective for failing to investigate witnesses who would have corroborated Petitioner's trial testimony and disproved the prosecution's case.

Petitioner, "unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). And even though a judge may, for good cause, authorize a party to conduct discovery, *see* Rule 6(a) of the Rules Governing Section 2254 Cases, "the scope and extent of such discovery is a matter confided to the discretion of the District Court." *Bracy*, 520 U.S. at 909.

2

Whether the building Petitioner entered was a dwelling, and whether the complaining witness was lawfully present in the building are questions of state law that do not require further discovery. And whether trial counsel's alleged failure to investigate witnesses constituted ineffective assistance is an issue that the Michigan Court of Appeals adjudicated on the merits on direct appeal. Even if the Court were to grant discovery, under *Cullen v. Pinholster*, 563 U.S. 170 (2011), the Court is "prohibited from considering newly discovered evidence as it pertains to a claim that was adjudicated on the merits in state court." *Berry v. Palmer*, 518 F. App'x 336, 341 (6th Cir. 2013). As stated in *Pinholster*,

> [a]lthough state prisoners may sometimes submit new evidence in federal court, [the Antiterrorism and Effective Death Penalty Act's] statutory scheme is designed to strongly discourage them from doing so. Provisions like [28 U.S.C.] §§ 2254(d)(1) and (e)(2) ensure that "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." [*Williams v. Taylor*, 529 U.S. 420, 437 (2000)]; see also [*Harrington v. Richter*, 562 U.S. 86, (2011)] ("Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions"); *Wainwright v. Sykes*, 433 U.S. 72, 90, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) ("[T]he state trial on the merits [should be] the 'main event,' so to speak, rather than a 'tryout on the road' for what will later be the determinative federal habeas hearing").

*Pinholster*, 563 U.S. at 186.

The Court concludes that Petitioner has not shown good cause to conduct discovery. Accordingly, his motion to conduct discovery (ECF No. 16) is denied.

### III. The Motion to Supplement

Petitioner seeks to supplement his amended memorandum of law with an additional argument that his appellate counsel was ineffective. Petitioner already filed his supplemental argument, *see* ECF No. 19, and it appears that he exhausted state

3

remedies for his new argument and timely raised the issue in this Court. The Court therefore grants Petitioner's motion to supplement his amended memorandum of law (ECF No. 18). Respondent may file a response to Petitioner's argument about appellate counsel within fifty-six days of the date of this order.

### IV. The State-Court Record

As a final matter, the Court notes that Respondent filed the state appellate court records, but not the transcript of trial or any other transcripts that could be relevant to the issues before the Court. The Court orders Respondent to file the transcript of trial, the transcript of Petitioner's sentencing, and any other transcripts needed to resolve the issues before the Court. These items shall be due within fifty-six days of the date of this order.

                                              S/Victoria A. Roberts
                                              VICTORIA A. ROBERTS
Dated: March 15, 2017                 UNITED STATES DISTRICT JUDGE